IN THE UNITED STATES DISTRICT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SHEILA PRIM, | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | *   C. A. No. 14- |
| | * |
| FOLEY HOUSING AUTHORITY, | * |
| | * |
| Defendant. | * |

## COMPLAINT AND PETITION FOR INJUNCTIVE RELIEF

**COMES NOW** the Plaintiff, Sheila Prim, and complains against the Defendant for declaratory, injunctive, damages, and other relief as follows:

## JURISDICTION

1. Plaintiff, Sheila Prim is over the age of nineteen years and is a resident of Baldwin County, Alabama.

2. Defendant, the Foley Housing Authority (hereinafter referred to as "FHA") is a public corporation organized and existing pursuant to the laws of the State of Alabama, with its principal place of business in Foley Alabama.

3. This is a complaint seeking declaratory and other relief for deprivation of rights guaranteed to the Plaintiff by 42 U.S.C. § 1437, the 5th and 14th Amendments to the Constitution, and 42 U.S.C. § 1983. The Court has jurisdiction under 28 U.S.C. §§ 2201 and 2202, 28 U.S.C. §§ 1331 and 1343 (a)(3)(4).

4. At all times hereto, Plaintiff was a participant in a Section 8 Housing Choice Voucher Program administered by Defendants pursuant to the United States Housing Act, as amended, 42 U.S.C. § 1437.

## FACTUAL ALLEGATIONS

5. Plaintiff was a participant in the Housing Assistance program pursuant to Section 8 of the U.S. Housing Act of 1937, 42 U.S.C. § 1437f (hereinafter referred to as "the Section 8 program"). Under the Section 8 Voucher Program, low income families are given vouchers to assist with rental payments. The recipient is allowed to use these vouchers at any location approved by the housing authority. The Section 8 is administered by local public housing authorities, such as DHA, which enter into Annual Contributing Contracts (hereinafter referred to as ACCs) with the U.S. Department of Housing and Urban Development (hereinafter referred to as "HUD"). Pursuant to the ACCs, subsidies compensate landlords for the difference between the rent a tenant can afford and the market rental rate. HUD's regulations for the Section 8 program are in 24 C.F.R. Part 982.

6. On or about June 16, 2002, the Plaintiff became an active participant of the Defendant's Section 8 Housing Choice Voucher Program. The Plaintiff received a one (1) bedroom Housing Choice Voucher from the Defendant. The Plaintiff is disabled which was confirmed by her doctor. She has no minor children. The Plaintiff's medical conditions worsened in 2009 and she began having trouble caring for herself without assistance, and began having difficulty living alone. In early 2010, the Plaintiff made a request to the housing authority for a "live in aide" to assist her with her medical problems. Despite her doctor confirming her need for a "live in aide", FHA refused her request and refused to accommodate her disability.

7. After the Plaintiff complained regarding the Housing Authority's refusal to accommodate her disability, the Executive Director, Cindy Hamrick and other FHA employees retaliated against her. They began causing problems with her and harassed her on several occasions. This retaliation ultimately led to an improper and illegal termination from the section 8 program.

8. After the denial of the live in aide request, the Plaintiff attempted to add a family member to her lease and household who could assist her. The Plaintiff had a right to add a family member pursuant to federal regulations and was otherwise qualified to do so pursuant to program regulations. The family member was also eligible to be added to the program. Nonetheless, FHA refused the Plaintiff's request and thereafter illegally terminated her from the section 8 program.

9. Plaintiff complained about the termination and requested a hearing to contest the illegal termination of her section 8 benefits. The housing authority refused to grant her a proper hearing as required by the federal regulations and federal law.

10. Since being terminated from the Defendant's Section 8 Housing Choice Voucher Program the Plaintiff has been homeless and had to seek shelter in various places and had to stay with various family members.

11. FHA failed to provide the Plaintiff with a proper termination notice of her section 8 benefits. The termination notice fails to provide specific allegations or reasons for termination as required by federal regulations.

12. FHA used this termination as justification to suspend subsidy benefits on Plaintiff's behalf. As a result, Plaintiff cannot now afford adequate housing.

**13.** FHA failed to meet its required burden of proof to terminate the Plaintiff's benefits.

14. Foley Housing Authority terminated the Plaintiff from the section 8 program effective July 31, 2012. Accordingly, Plaintiff exhausted all Administrative remedies as of July 31, 2012.

## DEFENDANT'S ALLEGED VIOLATIONS OF HUD REGULATIONS AND REQUIREMENTS

15. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 14 of her complaint as through fully set forth therein.

16. The termination of housing assistance payments, based upon reasons not authorized by the Act or the regulations governing the program is without any legal authority and is therefore arbitrary and capricious and violates the Plaintiff's right to due process of law under the Fourteenth Amendment of the Constitution.

17. The above-described acts and omissions of Defendants, and each of them, violated Plaintiff's rights pursuant to 42 U.S.C. §§ 1473d(k)(1) and 1437 d(k)(3) because Defendants terminated Plaintiff's housing assistance payments without first advising her of the *specific grounds* allegedly supporting this action, and Defendants did not provide Plaintiff with an opportunity to examine any documents or records related to the termination.

18. Pursuant to HUD regulations, the Housing Authority must give notification of the tenant's option to pursue a formal hearing if a settlement is not reached in the informal conference hearing. Defendants, in this case, failed to inform the Plaintiff of this option, thus disregarding her right to due process.

19. Pursuant to HUD regulations, the Housing Authority must provide a hearing with an impartial hearing officer. Defendants, in this case, failed to provide an impartial hearing officer.

20. The hearing officer's decision was based completely on hearsay evidence, as no evidence was entered at the hearing of any violations of the lease terms for the apartment leased by Plaintiff. Further, neither witnesses nor documentation was presented.

## DEFENDANT'S ALLEGED VIOLATIONS OF DENIAL OF DUE PROCESS

21. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 20 of her complaint as through fully set forth therein.

22. This Cause of Action is brought to 42 U.S.C. § 1983 and the United States Constitution, in particular but not limited to, the Fifth and Fourteenth Amendments thereto.

23. The above-described acts and omissions of Defendants, and each of them, violated Plaintiff's rights pursuant to 42 U.S.C. § 1983 because Defendants terminated Plaintiff's housing assistance payments without providing her with due process, and denied her adequate notice or a meaningful opportunity to be heard.

24. As a direct and proximate result of the acts, omissions, and violations alleged above, Plaintiff suffered damages due to mental anguish in an amount to be proven at trial.

25. Plaintiff also seeks declaratory relief to remedy her loss of a housing subsidy that was wrongfully terminated as a result of Defendant's unlawful acts.

## VIOLATION OF THE FEDERAL HOUSING AMENDMENT ACT

26. Plaintiff incorporates paragraphs 1-25 as if fully set forth herein.

27. 42 U.S.C. § 3604 (f) (1)(A) of the Fair Housing Amendment Act makes it unlawful to discriminate in the sale or rental, or otherwise make

4

unavailable or deny, a dwelling to any buyer or renter because of a handicap of that buyer or renter. 42 U.S.C. § 3604 (f) (3)(B) of the Fair Housing Amendment Act provides that discrimination includes a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling.

28. On numerous occasions the Plaintiff made written reasonable accommodation request to the Defendant for a live in aide.  Each time the Defendant denied the Plaintiff's request.  After numerous attempts and complaints regarding FHA's refusal to grant her a reasonable accommodation of her disability by allowing her a live in aide, FHA illegally terminated her from the program on July 31, 2012.

29. Based upon the actions taken by Defendant, the Defendant has violated 42 U.S.C. § 3604 (f) (1) (A) and (3) (B) of the Fair Housing Amendment. WHEREFORE, Plaintiff seeks reinstatement of her Section 8 Housing Choice Voucher, compensatory, punitive damages in an amount as the evidence at trial shall warrant, and her costs incurred herein.  ,

## VIOLATIONS OF AMERICAN DISABILITIES ACT

30. Plaintiff incorporates paragraphs 1-29 as if fully set forth herein.

31. Title II of the American Disability Act prohibits discrimination by state and local governments in programs, activities, or services on the basis of disability.

32. On numerous occasions the Plaintiff made written reasonable accommodation request to the Defendant for a live in aide.   Each time the Defendant denied the Plaintiff's request.  After numerous attempts and complaints regarding FHA's refusal to grant her a reasonable accommodation of her disability by allowing her a live in aide, FHA illegally terminated her from the program on July 31, 2012.

WHEREFORE, Plaintiff seeks reinstatement of her Section 8 Housing Choice Voucher, compensatory, punitive damages in an amount as the evidence at trial shall warrant, and her costs incurred herein.

## PLAINTIFF'S CLAIM FOR RELIEF

Wherefore the Plaintiff requests that this Court enter the following relief;

33. Assume jurisdiction over this Matter.

34. Enter a preliminary injunction for the Defendant to reinstate the Plaintiff's Housing Assistance Payment retroactive to July 31, 2012 and continuing until further order of the Court.

35. Permanently enjoin Defendant from terminating the Plaintiff's Housing Assistance Payments for her alleged non-compliance of the program.

36. Plaintiff seeks declaratory relief under 28 U.S.C. § 2201; a compensatory damages and equitable relief under 42 U.S.C. § 1983; costs of court; and such other relief as may be just and proper to redress Defendant's deprivation of Plaintiff's rights under the U.S. Housing Act of 1937, 42 U.S.C. § 1437, and her constitutional right to due process secured by the 5th and 14th Amendments to the U.S. Constitution. Plaintiff seeks a judgment declaring the termination of her Section 8 Housing Assistance by Defendants to be unlawful and void.  Plaintiff seeks to restore those benefits retroactive to the date of termination.

37. As a proximate result of the unlawful and unconstitutional acts and omissions of the Defendants, Plaintiff has been wrongfully deprived of her Section 8 Housing Assistance; and she has suffered emotional distress and mental anguish.  The injuries to Plaintiff resulting from the Defendant's violations of Plaintiff's rights are substantial, immediate, and irreparable. Grant Plaintiff's judgment against Defendant for Plaintiff's monetary damages including mental distress and anguish.

38. Award the Plaintiff attorney fees and expenses.

39. Tax costs to Defendant.  Grant Plaintiff such other and further relief deemed just and proper.

**Plaintiff demands a trial by jury as to all issues.**

                        Respectfully submitted:

                        /s/  Kenneth J. Lay

                        KENNETH J. LAY

OF COUNSEL:
HOOD & LAY LLC.
1117 South 22nd Street
Birmingham, Alabama 35205
(205) 323-4123
Attorney for Plaintiff

**DEFENDANT CAN BE SERVED AS FOLLOWS**:
Foley Housing Authority
302 4th Avenue
Foley, AL. 36535